UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAWN LUCHINSKI,

    Plaintiff,

v.                                      Case No. 24-cv-457-bhl

MARY MOORE, et al.,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Shawn Luchinski, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Luchinski's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Luchinski has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Luchinski has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $24.76. The Court will grant Luchinski's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Luchinski is an inmate at the Waupun Correctional Institution. Dkt. No. 1. Defendants are Advanced Practice Nurse Practitioner Mary Moore, Captain Rymarkiewicz, Ethan Stark, Sergeant Demmers, Donna Larson, Kristine Stroibers, Angie Kroll, Health Services Manager Chrystal Meli, Ryan Kueppers, and Captain Tritt. *Id*. at 1.

Luchinski has degenerative carpal tunnel in his wrists that causes nerve pain. *Id*. at 2. Beginning in 2015, Luchinski contacted the "Security Department" at Waupun in connection with pain from the use of metal handcuffs while being transported to off-site medical appointments. *Id*. The Security Department directed Luchinski to contact the Health Services Unit (HSU) to acquire medical authorization for plastic handcuffs. *Id*. Luchinski states that he did so but did not receive medical authorization, even though his degenerative carpal tunnel was well documented in his medical records. *Id*. at 2-3.

Luchinski states that Nurse Moore, in her capacity as a member of the Special Needs Committee, along with "the other Defendants," in their capacity as members of the Special Needs Committee, denied his request for plastic handcuffs. *Id*. at 3. At some point after the denial, Luchinski complained to Nurse Moore's supervisors about her refusal to authorize plastic handcuffs. *Id*. at 4. Shortly thereafter, Nurse Moore discontinued his prescription for Wellbutrin, even though he needed the medication and was never accused of misusing it. *Id*. Later, Nurse Moore left her job at the institution, and HSU almost immediately thereafter granted use of plastic handcuffs. *Id*. For relief, Plaintiff seeks monetary damages and an order requiring the use of plastic handcuffs for all off-site appointments. *Id*. at 5.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Luchinski asks to proceed on a First Amendment retaliation claim against Nurse Moore in connection with her discontinuation of his prescription for Wellbutrin; and an Eighth Amendment deliberate indifference claim against the members of the Special Needs Committee in connection with the denial of his request for plastic handcuffs. Dkt. No. 1. To state a First Amendment retaliation claim, Luchinski must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotations omitted).

The Seventh Circuit has acknowledged that an inmate's lodging of a complaint about prison staff is First Amendment protected activity. *See Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022). Plaintiff alleges that he complained to Nurse Moore's superiors about her refusal to authorize plastic handcuffs for his degenerative carpal tunnel, and shortly thereafter, she discontinued a prescription medication required for that same medical condition without justification. The failure to receive prescription medication could deter First Amendment protected activity in the future. Therefore, Luchinski may proceed on a First Amendment claim against Nurse Moore in connection with allegations that she discontinued his prescription for

4

Wellbutrin in retaliation for his complaints to her superiors about her failure to authorize plastic handcuffs for his degenerative carpal tunnel.

To state an Eighth Amendment claim, Luchinski must allege that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Plaintiff must allege that Defendants' decision was "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)).

The Court will allow also allow Luchinski to proceed on an Eighth Amendment claim against Nurse Moore but will otherwise dismiss his claims against the remainder of the defendants. Plaintiff alleges that he contacted the HSU to acquire medical authorization for plastic handcuffs, but he did not receive medical authorization, even though his degenerative carpal tunnel was well documented in his medical records. His allegations about his specific interactions with Nurse Moore in connection with his medical request for plastic handcuffs are otherwise sparse. He does not allege or explain when he asked her for plastic handcuffs, what he said when he made the request, whether she physically examined him prior to denying the request, and/or why she allegedly denied the request. Nevertheless, at this stage, the Court can reasonably infer, based on the almost immediate approval of plastic handcuffs upon Nurse Moore's departure from the institution, that she caused HSU not to approve plastic handcuffs that Plaintiff claims to have

needed. Accordingly, the Court will allow Luchinski to proceed on an Eighth Amendment medical care claim against Nurse Moore in connection with allegations that she improperly denied his request for plastic handcuffs.

The Court will dismiss Rymarkiewicz, Stark, Demmers, Larson, Stroibers, Kroll, Meli, Kueppers, and Tritt from the case, however. Plaintiff alleges that these individuals, all in their capacity as members of the Special Needs Committee, denied his request for plastic handcuffs. But the mere denial of a special needs request is not enough to support a claim of deliberate indifference. *See e.g. Brown v. Kelly*, No. 19-CV-1761-BHL, 2020 WL 7427060, at *3-4 (E.D. Wis. Dec. 18, 2020); *Acosta v. Barter*, No. 20-C-795, 2020 WL 5057758 at *4–*5 (E.D. Wis. Aug. 27, 2020). Instead, Luchinski must allege facts suggesting that the members' decisions were made with either bad intent or in a way that substantially deviated from accepted medical standards. *See id*. Luchinski has made no such allegations in connection with Rymarkiewicz, Stark, Demmers, Larson, Stroibers, Kroll, Meli, Kueppers, and Tritt. *See* Dkt. No. 1 at 3. He only alleges that these individuals were members of a Special Needs Committee that denied his request for plastic handcuffs. *See id*. Therefore, the Court will dismiss Rymarkiewicz, Stark, Demmers, Larson, Stroibers, Kroll, Meli, Kueppers, and Tritt from the case.

## CONCLUSION

The Court finds that Luchinski may proceed on a First Amendment claim against Nurse Moore in connection with allegations that she discontinued his prescription for Wellbutrin in retaliation for his complaints to her superiors about her failure to authorize plastic handcuffs for his degenerative carpal tunnel; and an Eighth Amendment medical care claim against Nurse Moore in connection with allegations that she improperly denied his request for plastic handcuffs.

**IT IS THEREFORE ORDERED** that Luchinski's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Rymarkiewicz, Stark, Demmers, Larson, Stroibers, Kroll, Meli, Kueppers, and Tritt are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Luchinski's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Nurse Moore.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Nurse Moore shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Luchinski shall collect from his institution trust account the **$325.24** balance of the filing fee by collecting monthly payments from Luchinski's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Luchinski is transferred to another institution, the transferring institution shall forward a copy of this Order along with Luchinski's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Luchinski is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Luchinski is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 17, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge